**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**JOELSON DUMAS,**
**Plaintiff**

**CIVIL ACTION NO. 2:24-CV-00911-JDC-TPL**

**JUDGE: JAMES DAVID CAIN, JR.**

**v.**

**TRANSFINANCIAL COMPANIES, LLC,**
**Defendant**

**TRANSFINANCIAL COMPANIES, LLC's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

## I. Introduction

Defendant, Transfinancial Companies, LLC ("Transfinancial") respectfully moves for summary judgment on its behalf, as there are no disputed issues of material fact or credibility that warrant a trial in this case.

## II. Claims/Issues

Whether Transfinancial violated the Fair Debt Collection Practices Act by communicating with the Plaintiff, Joelson Dumas ("Dumas"), subsequent to Transfinancial receiving a letter from Dumas stating in pertinent part "I refuse to pay $2,129 and 2,009 owed to Lake Charles Memorial Hospital don't contact me about this debt."

Plaintiff Dumas claims that Transfinancial, a collection agency, violated the Fair Debt Collection Practices Act by communicating with Dumas via mail in violation of 15 USC 1692c(c). [Dumas Complaint – Paragraph 14].

Paragraph 15 of Dumas' Complaint avers - "Despite receiving written communication from the Plaintiff to cease communications regarding the subject debt, Defendant TC continued collection effort after receiving said written notice from the Plaintiff."

## III. Statement of Undisputed Material Facts

1. Plaintiff, Dumas, sent a letter ("the Letter") to Transfinancial which is dated May 21, 2024. The Letter and a copy of the outside front of the envelope in which the Letter was contained is attached as an Exhibit - "Transfinancial A".
2. The Letter was delivered to Transfinancial on May 24, 2024 at 11:51 am CDT, as evidenced by the United States Postal Service tracking printout ("the Tracking Printout") is attached as an Exhibit – "Transfinancial B".

3. On May 29, 2024, Transfinancial's Dispute Department reviewed the Letter and identified two accounts placed for collection recovery against Dumas by Transfinancial clients. 1) Transfinancial account 1216983954 placed by Lake Charles Memorial Hospital (Lake Charles Memorial Hospital account #6951904-0001) for $2,009.15; and, 2) Transfinancial account 1216962104 placed by Professional Emergency Medicine (Professional Emergency Medicine account #12951280-44959) for $2,129.00.

4. For each placed collection account itemized in numbered paragraph 3, above, Transfinancial coded the accounts with action code "DNC", which served to prevent Transfinanical's collectors and collection system from contacting Dumas, absent further communication from Dumas requesting communication.

5. On June 4, 2024, Transfinancial received two letters ("the Dispute Letters"), each dated May 18, 2024, contained in one envelope with postage stamp date May 21, 2024. The Dispute Letters and copy of the outside front of the envelope is attached as an Exhibit – "Transfinancial C".

6. In response to the Dispute Letters, Transfinancial verified the Dumas disputes and communicated that verification to Dumas by June 7, 2024 letter and attachment to Dumas on the Professional Emergency Medicine account ("the PEM Verification"); and June 25, 2024 letter and attachment to Dumas on the Lake Charles Memorial Hospital account ("the LCMH Verification")., The PEM Verification is attached as an Exhibit – "Transfinancial D". The LCMH Verification is attached as an Exhibit – "Transfinancial E".

7. Exhibit – "Transfinanical F" is the Affidavit of Heather Ashford, Transfinancial Companies, LLC employee attesting to the truth of the facts set forth above and authenticity of the referenced documents being true and correct copies of the indicated business records of Transfinancial Companies, LLC.

## IV. Legal Standards

**Summary Judgment Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted if the materials in the record — including pleadings, depositions, answers to interrogatories, admissions on file, and affidavits — demonstrate that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Once this initial burden is met, the burden shifts to the non-moving party to set forth specific facts demonstrating the

existence of a genuine issue for trial. See ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322–23 (1986).

A fact is "material" if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). At the summary judgment stage, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. See ***Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986).
The non-moving party may not rest on mere allegations or denials in its pleadings; rather, it must present specific, admissible evidence demonstrating a genuine issue for trial. See ***Anderson***, 477 U.S. at 256. Summary judgment is properly granted when the non-moving party fails to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial. See ***Celotex***, 477 U.S. at 322–23.

**15 USC 1692c(c) Standard**

To establish a prima facie case that Transfinancial violated 15 USC 1692c(c), Dumas must show: (1) Transfinancial communicated with Dumas after notifying Transfinancial in writing that he refuses to pay the debt or that the he wishes the debtor to cease further communication with him; (2) that any communication from Transfinancial alleged to violate the previous cease further communication notification does not fall within one of the three exceptions. These exceptions are: **a)** to advise the consumer that the debt collector's further efforts are being terminated; **b)** to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or **c)** where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

**15 USC 1692g(b)**

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

## V. **Analysis**

As explained below, there are no genuine issues of material fact in this case, and defendant, Transfinancial, is entitled to judgment as a matter of law in its favor.

It is undisputed that Dumas sent written notification to Transfinancial to cease further contact with him. It is also undisputed that subsequent to receiving Dumas' notice to cease further contact, that Transfinancial sent correspondence to Dumas. However, the correspondence sent by Transfinancial to Dumas was in response to Dumas' written dispute, by which Transfinancial is legally obligated to respond pursuant to 15 USC 1692g(b); and, the said response, also falls under the three communication exceptions set forth in 15 USC 1692c(c).

Transfinancial's verification letters to Dumas include the following language:

> "This letter is being sent to you solely for the purpose of responding to your dispute.";
>
> "This letter shall serve to inform you that Transfinancial has, in collaboration with its client, completed its investigation as to your dispute and determined that the account placed for collection is valid. Accordingly, Transfinancial shall continue its efforts to collect this debt."; and,
>
> "If you have requested that Transfinancial stop contacting you, this will be the final communication that you receive from Transfinancial unless you send Transfinancial subsequent communication that requires a response."

## VI. **Conclusion**

Transfinancial's communication to Dumas for purpose of verifying the debt, pursuant to Dumas' dispute, was a communication made by request of Dumas. The request by Dumas served to authorize the communication for that purpose. Further, the communication was required by law and was not otherwise prohibited by the pertinent statutes. For the reasons set forth above, Transfinancial Companies, LLC respectfully submits that its motion for summary judgment should be granted.

Respectfully Submitted,

S/ E. Trent McCarthy

E. Trent McCarthy
LA Bar Roll #19697
7922 Picardy Avenue
Baton Rouge, LA 70809
225-767-9055 Phone
TMcCarthy@TheMcCarthyLawFirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been transmitted to all counsel of record via electronic mail through CMECF this 17th day of June 2025.

s/ E. Trent McCarthy